### CATES et al. v. PRODUCERS' & CONSUMERS' OIL CO. et al.

(Circuit Court, S. D. California. June 12, 1899.)

JURISDICTION OF FEDERAL COURT — FEDERAL QUESTION — SUIT TO SET ASIDE PATENT TO MINING CLAIM.

A bill alleging that a patent for a mining claim was procured by defendant from the land department by fraud, and without a compliance with the statute as to notice or proofs, and that it was issued without authority of law, and asking that defendant be decreed to hold such patent in trust for complainants, as the legal owners of the claim, states a cause of action necessarily involving the construction or effect of laws of the United States, of which a federal court has jurisdiction.[1]

On Demurrer and Exceptions to Bill.

Joseph H. Call, for complainants.

L. L. Cory, Bicknell, Gibson & Trask, M. K. Harris, and C. C. Wright, for defendants.

ROSS, Circuit Judge. The case made by the bill in this suit is altogether different from that presented by the bill in the suit of Mining Co. v. Miller, 96 Fed. 1, the demurrer to which has just been sustained. In the present suit the bill alleges that the complainants, eight in number, and each, according to the averments of the bill, a citizen of the United States, and of lawful age, having discovered valuable deposits of petroleum oil upon a certain quarter section of land within the Coalinga mining district, in Fresno county, Cal., associated themselves for the purpose of locating, claiming, holding, and working in common the said quarter section of land as a placer mining claim, and accordingly did on January 1, 1893, distinctly mark the said claim on the ground, with monuments of stone placed at each of the four corners of the location, with stakes and monuments between the corners at points of prominence, and in such manner that the boundaries thereof were distinctly marked on the ground, and that the said claim was thus located by them with reference to the monuments and stakes, as well as with reference to the permanent monuments that had been established by the government in its previous survey of the land; that at the same time the complainants, as such locators, posted upon the claim a notice of

[1] As to averments necessary to show the existence of a federal question, see section 3 of note to Bailey v. Mosher, 11 C. C. A. 309, and subdivision II. of note to Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

its location, signed by them, and which contained the date of location, a description of the claim by reference to the monuments and by reference to its government subdivision, and designated it the "Anderson Placer Mining Claim," which notice was on the 1st day of January, 1893, duly filed and recorded in the office of the mining district in accordance with the rules and regulations thereof, and in all respects as required by the laws of the United States; that on December 29, 1894, in accordance with the requirements of the act of congress of July 18, 1894, providing for the suspension of assessment work upon mining claims for that year, the said locators caused a notice under oath to be filed and recorded in the office of the mining district, describing the said mining claim, and stating that the locators claimed it, and intended in good faith to hold and work the said claim; that during the year 1895 the complainants, as such association, commenced to work upon and improve the claim, and, because there was no water thereon for the necessary use of engines and machinery, they in that year caused a water pipe to be laid from an existing and adjacent source of water supply to, and to be constructed upon, their said claim, at an expense of more than $100, for the purpose of working the claim by the construction of oil wells, the construction of which pipe line was necessary for its working and development; that such work and labor thereon exceeded in cost the sum of $100, and that due proof thereof was made under oath, and recorded in the office of the county recorder of the county in which the land is situated, in accordance with the laws of the United States and of the state of California; that thereafter, and while the complainants were in the exclusive and peaceable possession and ownership of the said mining claim, to wit, in July, 1895, Frank Barrett, I. L. McLean, Hart H. Barrett, K. W. Brown, J. J. Bright, J. A. McClurg, Sr., Julia Barrett, and A. Barieau, acting for and in behalf of the said Frank Barrett and J. A. McClurg, and not otherwise, well knowing the right of the complainants in the premises, unlawfully and with force and violence entered upon the said mining claim, and, well knowing that the same was not open to exploration, location, or claim as mining ground, did post a pretended notice of location, claiming the same as the "Princess Petroleum Placer Mining Claim," and that neither the said locators nor their assigns, nor any other person or persons, caused the said notice to be filed or recorded in the office of the mining district within which the land is situated, or as required by the rules and regulations thereof; that in January, 1896, and in pursuance of said pretended location of 1895, and not otherwise, and while claiming possession under the said illegal and violent entry as aforesaid, the defendants and their grantors did fraudulently and with force and violence break up, destroy, and carry away the pipe line constructed by the complainants, and with threats of bodily injury and violence ever thereafter prevented the complainants from entering upon, working, or improving the said claim; that by the act of congress approved February 11, 1897 (29 Stat. 526), the United States recognized, approved, and confirmed the location, claim, and right of the complainants to the said mining claim; that in the

year 1895 the said locators of the 1895 location conveyed all of their interest in the claim to the defendant the Producers' & Consumers' Oil Company; that on the 15th day of November, 1896, that company executed a pretended lease of the premises to J. A. Chanslor and Henderson Hayward, by the terms of which lease the lessor undertook to authorize the lessees to construct and operate certain oil wells upon said land for a royalty of one-tenth of all the oil produced therefrom; that on April 20, 1897, Chanslor and Hayward transferred all their interest in the lease to the defendant Coalinga Oil Company; that the defendant Coalinga Oil Company claims some interest in the premises by virtue of that lease, or a renewal thereof, the nature of which is not known to the complainants; that since the first of the year 1896, to the present time, the defendants have continued to construct and to operate oil wells upon the said quarter section of land, and have extracted therefrom and sold during that period an amount of oil of the value of more than $10,000, and are still continuing to operate wells now constructed by them, and to construct other wells, and, unless enjoined by this court, will extract from the land all the petroleum and mineral oils therein, to the great and irreparable injury of the complainants; that on the 10th day of January, 1898, the defendant the Producers' & Consumers' Oil Company, and its officers and agents, combined and conspired together, and with divers other persons to complainants unknown, to illegally and fraudulently procure from the United States a patent to the said quarter section of land, to be issued to the Producers' & Consumers' Oil Company, in violation of the rights of the complainants, such patent to be covertly obtained, without the complainants receiving any knowledge thereof, and without their having an opportunity to be heard before the United States land office or to contest the issuance of such patent; that the Producers' & Consumers' Oil Company and its co-conspirators, without complying with the laws of the United States, and without taking the necessary jurisdictional steps therefor, did procure from the officers of the interior department of the United States a patent for the land, in due form, to the Producers' & Consumers' Oil Company; that the complainants had no knowledge or information that the patent had been applied for, nor was any notice given of the application therefor, nor of any intention on the part of the Producers' & Consumers' Oil Company to make any such application, and that the complainants did not at any time have an opportunity to be heard in the United States land office or in the interior department upon the matter of issuing such patent, and had no opportunity to contest its issuance or make any adverse claim to the land; that had such notice been given, or had they had knowledge of such application or knowledge of the intention to apply for the patent, they would have contested the issuance of such patent, and filed an adverse claim therefor, and asserted their rights to the land; that the defendants and their officers and agents, and the register and receiver of the United States land office at Visalia, and the officers of the interior department of the United States, well knew that the laws of the United States had not been complied with, and that necessary

preliminary steps had not been taken to authorize the issuance of such a patent to the Producers' & Consumers' Oil Company; that the defendants, well knowing that the complainants were the owners of the land in question, and entitled to a patent therefor, did fraudulently and illegally, and without any authority or jurisdiction of the officers of the United States, procure from the interior department the patent referred to; that no such application for a patent to the land as is required by the laws of the United States was ever made or filed in the United States land office by the Producers' & Consumers' Oil Company; that a pretended application therefor was made under oath by that company on the 10th day of January, 1898, and filed in the land office on the 29th day of January of the same year, a copy of which is annexed to the bill and made part thereof; that said pretended application did not show, under oath or otherwise, a compliance with the provisions of title 32, c. 6, of the Revised Statutes of the United States; that said pretended application did not show that previous to the filing thereof the applicant had posted upon the ground applied for a notice of such application, and did not show that previous to the filing thereof the applicant had filed an affidavit of two persons that such notice had been duly posted, and did not show that previous to or at the time of the filing thereof the applicant had filed a copy of such notice so posted in the land office; that said pretended application did not show a compliance with the rules and regulations of the mining district in which the land is situated, in this: that by the rules and regulations of the district it was required that notices of mining locations should be filed and recorded in the district, and that said pretended application did not show that any notice of location of said mining claim was filed or recorded in the Coalinga mining district, but, on the contrary, falsely stated that the said land was situated within the San Joaquin mining district, whereas, in truth and in fact, there was no such mining district in existence; that the Producers' & Consumers' Oil Company did not, prior to making its application for a patent, post a notice thereof in a conspicuous place on the land embraced in its claim, and did not show by such notice that an application would be made for such a patent or for any patent, but, on the contrary, did post on the land on January 21, 1898, a pretended notice, falsely stating that the application had in effect been made for such patent, whereas, in truth and in fact, an application had not then been made or filed in the land office; that said Producers' & Consumers' Oil Company did not, prior to or at the time of making its said application, file in the land office a copy of the notice posted by it on the land; that the register of the land office, prior to publishing notice of the filing of the application, did not designate a newspaper as published nearest to the said mining claim, in which newspaper such notice of application should be published; that prior to issuing the patent the register of the land office did not publish a notice of the application for the patent for a period of 60 days, during which period of 60 days an adverse claim to the land might be filed with the register and receiver of the land office, but on the contrary there was published in the Lemoore Leader, a newspaper published at the town of

Lemoore, Cal., a pretended notice, dated January 27, 1898, stating therein that "any and all persons claiming adversely the mining ground or premises, or any portion thereof, so described and applied for, are hereby notified that unless their adverse claims are duly filed, according to law and the regulations thereunder, within sixty days from the date hereof, with the register of the United States land office at Visalia, in the state of California, they would be barred by virtue of the provisions of said statute"; that, from the date of said notice to the expiration of 60 days therefrom (fixed in said notice within which adverse claims must be filed), the said notice was not published in any newspaper for a period of 60 days, nor for any longer period than 57 days; that said pretended notice of said register, so published, falsely described the mining claim as being situated within the San Joaquin mining district, whereas, in truth and in fact, the claim was not so situated, but was in fact situated within the Coalinga mining district; that said pretended notice of said register, so published, stated that the patent applied for by the Producers' & Consumers' Oil Company was "known and described in the location notice thereof posted on said claim January 21, 1898, as the 'Princess Petroleum Placer Mining Claim,' lying and being situated in the San Joaquin mining district"; that there never was a location notice of said mining claim posted thereon on January 21, 1898, or during the year 1898, at all, nor was any application for a patent of any such claim ever made or filed by the Producers' & Consumers' Oil Company, but, on the contrary, said pretended application filed in the said land office was for a patent of a mining claim stated in the application as follows: "That said claim was located on the 14th day of June, 1895, * * * location notice of which was duly recorded in the office of the county recorder of said county of Fresno on July 16, 1895, in volume one of Mining Claims, at page 452;" that no other notice of application than the one published in the Lemoore Leader was ever made or published by the register of the land office at Visalia, and no other application for the said patent than that already mentioned was ever made by the Producers' & Consumers' Oil Company; that prior to the issuing of the patent to that company the register of the land office at Visalia did not post a notice of such application in his office for a period of 60 days, or for any other time; that neither the register nor the receiver of the land office, nor the commissioner of the general land office, nor the secretary of the interior, had any authority or jurisdiction to award the said mining claim to the Producers' & Consumers' Oil Company, and had no authority or jurisdiction to issue a patent to that company therefor; that the said Producers' & Consumers' Oil Company now holds in trust for the complainants the legal title to the land, which it ought in equity and justice to convey to the complainants, yet, well knowing the rights of the complainants in the premises, that company has refused and still refuses so to do, although often thereto requested; that the value of the mining claim in question exceeds in amount the sum of $5,000.

The prayer of the bill asks that the defendant the Producers' & Consumers' Oil Company be decreed to hold the title to the property

in trust for the complainants, and that it be required to convey the same to them; for a writ of injunction enjoining the defendants from extracting or carrying away from the premises any petroleum or mineral oil; that an accounting be had between the complainants and the defendants for the value of all petroleum and mineral oil extracted from the land and sold by the defendants, and that they be required to pay to the complainants the value thereof; that a receiver be appointed by the court to take possession of the property, and to hold the proceeds thereof subject to the final decree of this court; and for such other and further relief as to the court may seem equitable, and for costs.

Whether the patent thus alleged to have been issued by the officers of the United States to the Producers' & Consumers' Oil Company is valid or invalid, and, if valid, whether the title thereby conveyed should be decreed to be held in trust for the complainants, and decreed to be conveyed to them, manifestly depends, according to the averments of the bill, upon the proper application of the laws of the United States to the facts. The case made by the bill therefore necessarily presents a federal question, of which this court has undoubted jurisdiction. The demurrer and exceptions to the bill are overruled, with leave to the defendants to answer within 20 days.