## BODKIN v. EDWARDS.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 495.   Motion to dismiss or affirm submitted December 6, 1920.—
Decided February 28, 1921.

1. The court accepts the concurrent findings of the District Court and Circuit Court of Appeals upon the facts in an equity case, unless clear error is shown. P. 223.
2. Where the facts determine the decision, and where the record exhibits no clear error in the concurrent findings and the appellant has not brought up all the evidence, a decree may be affirmed on motion to avoid the harmful and useless delay of retaining the case for oral argument. *Id.*

265 Fed. Rep. 621, affirmed.

APPEAL from a decree of the Circuit Court of Appeals

which affirmed a decree of the District Court holding Bodkin trustee for Edwards as to certain patented land. The case is stated in the opinion.

Mr. Samuel Herrick, for appellee, in support of the motion. Mr. Henry M. Willis was also on the brief.

No brief filed for appellant.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit by Edwards to have Bodkin declared a trustee for him of the title to a quarter section of land in California. While the land was public and subject to entry under the homestead law, Edwards, a qualified applicant, made a homestead entry of it and afterwards submitted final proofs in due course. Bodkin instituted a contest against the entry and obtained its cancellation by the land department. The land officers then permitted Bodkin to make a homestead entry of the tract, afterwards allowed him to relinquish that entry and make others of the same tract under soldiers' additional rights of which he was the assignee, and finally patented the tract to him. During all these proceedings Edwards actively asserted the validity of his claim and sought to interpose it as an obstacle to passing the title to Bodkin. This suit was brought shortly after the patents issued. Apparently Edwards himself drafted the bill. The District Court dismissed it without leave to amend and he appealed. The Circuit Court of Appeals, while recognizing that the bill was somewhat inartificial, held that it contained allegations which, if true, disclosed a right to the relief sought. The decree of dismissal was accordingly reversed. 249 Fed. Rep. 562. When the case got back to the District Court the form of the bill was helped by amendments, but the substance remained substantially

as before.  Bodkin answered and the issues were tried. The court found that the material allegations of the bill were true; that in the proceedings before the land department matters presented by Edwards which should have been considered were not considered, and that in consequence the title was passed to Bodkin when it should have gone to Edwards.  A decree for the latter followed and Bodkin appealed.  The Circuit Court of Appeals affirmed this decree, and in the course of its opinion said: "A careful review of the testimony assures us that all material allegations of the bill of complaint have been substantiated."  265 Fed. Rep. 621.  Bodkin then took a further appeal to this court, the decision of the Circuit Court of Appeals not being final under § 128 of the Judicial Code.

The appellee, Edwards, now moves that the appeal be dismissed, or in the alternative that the decree be affirmed, under Rule 6, 222 U. S., Appendix, p. 10.  The appellant, Bodkin, although served with the motion and supporting brief, has not presented any brief in opposition.

The motion to dismiss must be denied and the one to affirm sustained.  The case as presented here turns essentially on questions of fact.  Both courts below on a review of the evidence have found the facts in the same way. This court, under a settled rule, accepts such concurring findings unless clear error is shown.  *Page* v. *Rogers*, 211 U. S. 575, 577; *Washington Securities Co.* v. *United States*, 234 U. S. 76, 78; *Wright-Blodgett Co.* v. *United States*, 236 U. S. 397, 402; *National Bank of Athens* v. *Shackelford*, 239 U. S. 81.  No such error is shown by the record before us. Besides, it does not contain all the evidence that was before the courts below, a part having been omitted under the appellant's specification of what should be included. In these circumstances, to retain the case for oral argument in regular course would result in harmful delay and serve no useful purpose.

*Decree affirmed.*