## WELLS, ADMINISTRATRIX OF THE ESTATE OF CHARLES E. WELLS, DECEASED, v: BODKIN ET AL.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 144. Argued March 6, 1925.—Decided April 13, 1925.

The Act of May 14, 1880, confers a preference right of entry upon the successful contestant of a homestead claim and provides that, should the person who initiated a contest die "before the final termination of the same", the contest shall not abate, but that his heirs, who are citizens of the United States, may continue the prosecution and shall be entitled to the same rights under the act that the contestant would have if his death had not occurred. *Held:*

1. That, where the contestee relinquished and the contestant made her homestead application within the time allowed and later died, her heirs were entitled, in prosecuting the application, to preference over a stranger to the contest whose homestead application was made on the same day as the decedent's. P. 476.

2. The fact that an heir applying had himself made a homestead entry in his own right was no obstacle, when he relinquished it under permission of the Secretary of the Interior for the purpose of availing himself of the inherited right of entry. P. 478.

289 Fed. 245 affirmed.

APPEAL from a decree of the Circuit Court of Appeals which affirmed a decree of the District Court dismissing a bill whereby the appellant's decedent sought to have

the appellees declared trustees for himself of a tract of land patented to them under the public land laws.[1]

*Mrs. Susie Wells,* pro se, submitted.

*Mr. Patrick H. Loughran,* for appellees.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is an appeal from the United States Circuit Court of Appeals for the Ninth Circuit under § 241. It was a bill in equity to have Patrick H. Bodkin and Arabella Bodkin, patentees of a quarter section of public land in the county of Riverside, California, declared trustees for the complainant Charles E. Wells. In May, 1903, one Geiger made a homestead entry of the land in dispute. In September of that year the land was withdrawn from public entry by the Secretary of the Interior under the Reclamation Act. 32 Stat. 388. Florence V. Bodkin filed a contest against the entry of Geiger on the 30th of January, 1908, pending this withdrawal. In March, 1908, Geiger filed a relinquishment of his entry, and in July, 1908, the contestant was notified by the local land office that she had a preference right of entry for a period of thirty days after the land should be restored to entry. On April 18, 1910, the land was restored to settlement, and to public entry on May 18, 1910. On the latter date Charles E. Wells, after having made a settlement, and Florence V. Bodkin, the contestant, each made a homestead application for the land. The applications on the same day were suspended for investigation as to the character of the land by the Surveyor General. On May 22, 1912, the suspension was removed and the land again restored to public entry. On June 3, 1912, the local land office rejected the homestead application of Wells and

---

[1] Charles E. Wells, appellant, died while this appeal was pending in this Court, and his administratrix was substituted as appellant.

allowed the application of Florence Bodkin; and this decision was affirmed by the Commissioner of the General Land Office on November 13, 1912. On May 27, 1913, the Secretary of the Interior reversed the decision of the Commissioner, because it appeared that on the 25th of March, 1912, before the suspension for investigation was removed, Florence Bodkin had died; and held that she had acquired no rights by her application to enter that would descend to her heirs. On August 29, 1913, the Secretary on rehearing overruled this decision and held that the contestant might have acquired rights by her application to enter that would have descended to her heirs, but denied a rehearing to her heirs, who were her father and mother, Patrick H. Bodkin and Arabella Bodkin, on the ground that Patrick H. Bodkin had made a homestead entry in his own right on other lands, and this precluded him and his wife from perfecting the application for a homestead as heirs of the contestant. Accordingly, the entry of Florence V. Bodkin was canceled and the application of Wells was allowed. But this was changed on January 3, 1914, when the Secretary of the Interior, in the exercise of his supervisory authority, decided that Patrick H. Bodkin, the father of the deceased contestant, might elect within thirty days to relinquish his own homestead entry on other lands and make a new entry based on the application of the deceased contestant, his daughter, with his wife as co-heir. The father thereupon relinquished his own homestead entry and, upon the entry of himself and his wife of the quarter section here in controversy, the patent issued to him. The District Court dismissed the bill, and this ruling was affirmed by the Circuit Court of Appeals.

Under the decision by this Court in the case of *McLaren* v. *Fleischer*, 256 U. S. 477, Florence V. Bodkin, as the successful contestant of the homestead entry of Geiger pending the withdrawal of the land from public entry

under the Reclamation Act, had thirty days after the land was restored to public entry within which to exercise her preference right of entry as a homesteader of the land. Had she lived, therefore, no question would have arisen here. The controversy arises on the effect of the proviso of § 2 of the Act of May 14, 1880, 21 Stat. 141, entitled "An Act for the Relief of Settlers on Public Lands," as amended by the Act of July 26, 1892, c. 251, 27 Stat. 270. The second section as amended reads as follows:

" Sec. 2. In all cases where any person has contested, paid the land office fees, and procured the cancellation of any pre-emption, homestead, or timber-culture entry, he shall be notified by the register of the land office of the district in which such land is situated of such cancellation, and shall be allowed thirty days from date of such notice to enter said lands: Provided, That said register shall be entitled to a fee of one dollar for the giving of such notice, to be paid by the contestant and not to be reported: Provided further, That should any such person who has initiated a contest die before the final termination of the same, said contest shall not abate by reason thereof, but his heirs who are citizens of the United States, may continue the prosecution under such rules and regulations as the Secretary of the Interior may prescribe, and said heirs shall be entitled to the same rights under this act that contestant would have been if his death had not occurred."

The contention on behalf of the appellant is, that the relinquishment of the Geiger entry, upon which the contestant won the contest, was the final termination of it and that, thereafter, the contestant had only a mere right to make an application to enter, and that the statute had made no provision for succession or descent with reference to that, because the contest here is not with Geiger but is with Wells, who, having made a settlement of the land, filed his application on the same day that the contestant did. We think this a very narrow and

unwarranted construction of the meaning of the section. We concur in the opinion of the Secretary of the Interior when, in discussing this question, he said, 42 L. D. 340, 342:

"To restrict the term used, 'the final termination of the' contest, to the termination thereof as regards the contestee, only, would be contrary to the reason and purpose of the act. No interest of the contestee called for the enactment of such a law.. The interest of the contestant, however, based upon a consideration, the payment of the costs of contest on the promise of a prospective right of entry, called for just such an enactment which should secure to such contestant and to his heirs that for which such consideration had been given by him, in part if not wholly, as in the present case; and good faith on the part of the United States with such contestant required such an enactment to apply to all cases where the contestant's death intervenes before the right of entry given him inchoately with his privilege of contest is merged into actual entry or otherwise extinguished in some of the ways indicated."

Further objection is made that the circumstance that Patrick H. Bodkin had himself made a homestead entry in his own right deprived him and his wife, co-heirs of the contestant, their daughter, of the capacity to inherit. The only objection to the inheritance was that under the homestead laws an entryman can not perfect title to two homesteads. If he chooses to relinquish one, it removes objection to his perfecting the other; certainly when he does this under the permission granted him by the Secretary of the Interior. As the Circuit Court of Appeals said in this case, the question whether the heir should be required or permitted to relinquish a homestead entry in his own right was one between him and the United States, with which the appellant had no concern.

*The decree is affirmed.*