## WILSON v. ROBINSON et al.*

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926.)

### No. 4742.

1. Courts ⊂⇒299—Pleadings must affirmatively show that controversy involves federal law, in order to justify federal court's jurisdiction on that ground.

In order to invoke federal jurisdiction, because arising under laws of United States, it must affirmatively and distinctly appear from averments of pleading that it substantially involves dispute or controversy under federal law, particularly in case of suit involving rights to land acquired under United States laws.

2. Courts ⊂⇒285—Suit based on alleged mistake in canceling entry of public land held not to involve federal law, justifying federal court's jurisdiction.

Where plaintiff's entry on public lands was canceled by Secretary of the Interior, suit to compel defendants, subsequently entering thereon, to convey title, based on mistakes in fact of Secretary, held not to present controversy arising under federal law, so as to justify federal court's jurisdiction.

Rudkin, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Suit in equity by Katie Roberts Wilson against Margaret Jane Robinson and others. Decree of dismissal, and plaintiff appeals. Modified and affirmed.

F. C. Reagan and Edwin H. Flick, both of Seattle, Wash., for appellant.

Wesley Lloyd, of Tacoma, Wash., and George Dysart and C. D. Cunningham, both of Centralia, Wash., for appellees.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

DIETRICH, District Judge. The plaintiff, who is also the appellant, made entry of public land under the United States coal land laws. Upon hearings had in the Land Office, the entry was finally canceled by decision of the Secretary of the Interior, and subsequently the defendants, or their predecessors in interest, having made entry under other laws, received patent for the lands. The theory upon which the Secretary proceeded in canceling the entry was that plaintiff and others were acting in combination to procure title to the lands for the benefit of a corporation, in violation of the federal statutes. Contending that the decision was erroneous, and that she was entitled to patent, plaintiff brought this suit to compel the defendants to convey title to her. A motion interposed by the defendants, assailing the bill for want of jurisdiction and upon the further ground that insufficient facts are stated to entitle the plaintiff to relief, was sustained by the court below, and decree of dismissal entered, from which decree this appeal is prosecuted.

[1, 2] The only ground upon which the plaintiff seeks to predicate federal jurisdiction is that the case arises under the laws of the United States. It is familiar knowledge that, to bring a case within this branch of jurisdiction, it must affirmatively and distinctly appear from the averments of the pleading that "it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of" a federal law, "upon the determination of which the result depends." It has further been authoritatively stated that "this is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title to land in the Central and Western states would so arise, as all titles in those states are traceable back to these laws." Shulthis v. McDougal, 225 U. S. 561, 569, 32 S. Ct. 704, 706 (56 L. Ed. 1205); Shoshone Mining Co. v. Rutter, 177 U. S. 505, 20 S. Ct. 726, 44 L. Ed. 864.

The complaint wholly fails to measure up to these requirements. The charges of error in the secretary's decision present only questions of the competency of the evidence which was considered and of the weight to be given to the testimony. The full scope of the showing is fairly set forth in paragraph 18 of the complaint, which, in so far as pertinent, is as follows:

"The decisions of the Secretary of the Interior herein referred to are wholly erroneous and unwarranted in law, in that the said conclusions are based upon hearsay testimony, upon records in the Wilson Coal Cases, Nos. 1072 and 1073, which is a record of this court, reference to which is made as though herein fully set out, not a part and having no

*Rehearing denied February 14, 1927.

bearing upon this plaintiff's rights, and made in a cause in which this plaintiff was not a party litigant, for which see particularly the affidavits; Exhibit B, hereto attached and made a part hereof, said affidavits being part of the record before the Secretary of the Interior, and had no bearing upon this situation; and said Secretary further erred by invoking a rule in his determination as to what makes up fraud by drawing from inferences, unsupported in fact, instead of by using the common and well-known rule that fraud must be proven against the party charged by clear, cogent, and convincing evidence, of which none reflects upon said plaintiff; and the said decisions of the Secretary of the Interior are erroneous and unfounded, in that the burden of proof was not sustained by the department, in that the facts, as portrayed in the record, reference to which is hereby made, clearly portray that this plaintiff was free from fraud, had fully complied with all the requirements of the Department of the Interior with reference to her claim, and had tendered the money for its purchase, was seeking it for her own purposes under a statute giving her both surface and subsurface rights, and that said decision operates to deprive said plaintiff of her property without due process of law."

Indeed, as concisely defined in her brief, plaintiff's only contention is that the Secretary "made a series of gross mistakes in fact, and his finding of fraud was wrong in law." Clearly, under the rule above stated, the bill presents no federal question, and the court below was right in dismissing it for want of jurisdiction.

The decree will be modified, however, so as to show that the dismissal was for want of jurisdiction, and not upon the merits. As thus modified, it is affirmed.

RUDKIN, Circuit Judge (dissenting). The present suit was brought by the appellant, claiming that she was lawfully entitled to a patent for certain public lands, and that through error of law the department wrongfully issued the patent to another. I had always supposed that a controversy of that kind arises under the laws of the United States and is within the jurisdiction of a federal court, provided the requisite amount or value is involved. Nor am I yet convinced to the contrary. Bodkin v. Edwards, 255 U. S. 221, 41 S. Ct. 268, 65 L. Ed. 595; Evans v. Durango Land & Coal Co. (C. C. A.) 80 F. 433; Florida C. & P. R. Co. v. Bell (C. C. A.) 87 F. 369; Linkswiler v. Schneider (C. C.) 95 F. 203; Cates v. Producers' & Consumers' Oil Co. (C. C.) 96 F. 7.

Inasmuch as the majority of the court hold that we are without jurisdiction, I express no opinion upon the merits.