bearing upon this plaintiff's rights, and made in a cause in which this plaintiff was not a party litigant, for which see particularly the affidavits, Exhibit B, hereto attached and made a part hereof, said affidavits being part of the record before the Secretary of the Interior, and had no bearing upon this situation; and said Secretary further erred by invoking a rule in his determination as to what makes up fraud by drawing from inferences, unsupported in fact, instead of by using the common and well-known rule that fraud must be proven against the party charged by clear, cogent, and convincing evidence, of which none reflects upon said plaintiff; and the said decisions of the Secretary of the Interior are erroneous and unfounded, in that the burden of proof was not sustained by the department, in that the facts, as portrayed in the record, reference to which is hereby made, clearly portray that this plaintiff was free from fraud, had fully complied with all the requirements of the Department of the Interior with reference to her claim, and had tendered the money for its purchase, was seeking it for her own purposes under a statute giving her both surface and subsurface rights, and that said decision operates to deprive said plaintiff of her property without due process of law."

Indeed, as concisely defined in her brief, plaintiff's only contention is that the Secretary "made a series of gross mistakes in fact, and his finding of fraud was wrong in law." Clearly, under the rule above stated, the bill presents no federal question, and the court below was right in dismissing it for want of jurisdiction.

The decree will be modified, however, so as to show that the dismissal was for want of jurisdiction, and not upon the merits. As thus modified, it is affirmed.

RUDKIN, Circuit Judge (dissenting). The present suit was brought by the appellant, claiming that she was lawfully entitled to a patent for certain public lands, and that through error of law the department wrongfully issued the patent to another. I had always supposed that a controversy of that kind arises under the laws of the United States and is within the jurisdiction of a federal court, provided the requisite amount or value is involved. Nor am I yet convinced to the contrary. Bodkin v. Edwards, 255 U. S. 221, 41 S. Ct. 268, 65 L. Ed. 595; Evans v. Durango Land & Coal Co. (C. C. A.) 80 F. 433; Florida C. & P. R. Co. v. Bell (C. C. A.) 87 F. 369; Linkswiler v. Schneider (C. C.) 95 F. 203; Cates v. Producers' & Consumers' Oil Co. (C. C.) 96 F. 7.

Inasmuch as the majority of the court hold that we are without jurisdiction, I express no opinion upon the merits.

---

## WILSON v. ROBINSON et al. *

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926.)

No. 4743.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by Minn Marie Wilson against Margaret Jane Robinson and others. From a judgment for defendants, plaintiff appeals. Affirmed.

F. C. Reagan and Edwin H. Flick, both of Seattle, Wash., for appellant.

Wesley Lloyd, of Tacoma, Wash., and George Dysart and C. D. Cunningham, both of Centralia, Wash., for appellees.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

DIETRICH, District Judge. In its legal aspect this case is identical with No. 4742, Katie Roberts Wilson v. Margaret Jane Robinson et al., 16 F.(2d) 431, this day decided, and for the reasons assigned in that case the decree is affirmed, as there modified.

RUDKIN, Circuit Judge, dissents, for the reason stated in Wilson v. Robinson, supra.

---

## LAURIDSEN et al. v. ALEXANDER et al.*

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926.)

No. 4744.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by Solomon Lauridsen and Henry Kamps against Louis H. Alexander and Jane Doe Alexander. From a judgment for defendants, plaintiffs appeal. Affirmed.

F. C. Reagan and Edwin H. Flick, both of Seattle, Wash., for appellants.

Wesley Lloyd, of Tacoma, Wash., and George Dysart and C. D. Cunningham, both of Centralia, Wash., for appellees.

*Rehearing denied February 14, 1927.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

DIETRICH, District Judge. In its legal aspect this case is identical with No. 4742, Katie Roberts Wilson v. Margaret Jane Robinson et al., 16 F.(2d) 431, this day decided, and for the reasons assigned in that case the decree is affirmed, as there modified.

RUDKIN, Circuit Judge, dissents, for the reason stated in Wilson v. Robinson, supra.

McCOLGAN v. CLARK et al.*

In re SNYDER.

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926.)

No. 4898.

1. Bankruptcy ⟨⟩123—Creditor, conniving in bankrupt's retention of interest in property sold under power, held disqualified from voting for new trustee.

Where petition of one of two creditors to reopen estate and elect new trustee was granted on ground that bankrupt connived with M., the other creditor, to retain interest in property sold under power given to M. in trust deed, held, that M. was disqualified to vote for new trustee, and petitioning creditor was qualified, notwithstanding latter's agreement with bankrupt for contingent interest in property recovered from M. by trustee.

2. Bankruptcy ⟨⟩446—Claim of no cause of action against creditor held determinable by trial court, and not on petition to revise.

Claim that no cause of action was established against bankrupt's creditor, to whom property was sold under power, must be determined by trial court on issues properly made by pleadings, and not by Circuit Court of Appeals on petition to revise order confirming referee's order disqualifying creditor from voting for new trustee on reopening of estate.

Petition for Revision of an Order of the District Court of the United States for the Southern Division of the Northern District of California, in Bankruptcy; Frank H. Kerrigan, Judge.

In the matter of Albert E. Snyder, bankrupt. On petition of Adelaide McColgan, as administratrix of the estate of Daniel A. McColgan, deceased, to revise an order of the District Court sustaining referee's order disqualifying petitioner from voting for new trustee, and in permitting another creditor to vote for such trustee. Affirmed.

Keyes & Erskine, of San Francisco, Cal., for petitioner.

*Rehearing denied January 31, 1927.

16 F.(2d)—28

Glensor, Clewe & Van Dine, of San Francisco, Cal., for respondents.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge. On November 16, 1917, Albert A. Snyder, upon his voluntary petition, was adjudged a bankrupt. A trustee was appointed who discovered no assets other than property of the value of $100 which was awarded to the bankrupt as exempt. Two creditors, who filed claims with due proof, were Daniel A. McColgan, who asserted a debt owing him of $60,525.35, and Charles H. Clark, who claimed $675. The McColgan claim was represented to be for a balance due over and above the price received for certain real property, which had been made the subject of a trust deed in favor of Daniel A. McColgan, securing an original indebtedness of the bankrupt to McColgan in the sum of $90,525.35. Discharge of the bankrupt from his debts was allowed on February 2, 1918.

The creditor Clark, by Ernest Clewe, his attorney in fact, on October 3, 1923, filed a petition in the District Court to have the estate of the bankrupt reopened and a second trustee elected. This petition alleged that since the closing of the estate the petitioner had learned that the bankrupt owned an interest in certain real property which had not been scheduled or administered upon in the bankruptcy proceeding. R. McColgan, representing himself to have been a copartner of Daniel A. McColgan, moved to set aside the order reopening the bankruptcy proceeding. Snyder filed an affidavit in opposition to this motion. The motion was by the court denied. A petition to review and revise, brought in this court by R. McColgan, was dismissed, the court holding that petitioner had no standing in the bankruptcy proceeding which entitled him to question the order reopening the bankrupt estate. McColgan v. Clark (C. C. A.) 4 F.(2d) 627.

The matter of the election of a trustee was afterwards taken up before the referee. Adelaide McColgan, representing the estate of Daniel A. McColgan, deceased, sought to vote her claim for a trustee. The referee held that, inasmuch as the property claimed to be unadministered in the bankrupt estate was an interest in the property sold under the trust deed referred to, the McColgan interest was adverse to that of the other creditor and to the bankrupt, and the McColgan claim was disqualified to vote. On the other hand, it was shown that the attorney who represented the Clark claim had an agree-