*285 MEMORANDTJM BY THE COURT
This case is now before the court on the defendant’s motion for a new trial. The case was referred to the court under the special act set out in the findings.
The court was originally of the opinion that the special act authorized a judgment. The defendant’s motion raises a serious doubt as to the existence of the right. The express language of the act confers jurisdiction “ for a hearing of a claim for reimbursement for the value of” certain described premises. Manifestly Congress was considering the question as to whether the plaintiff was legally entitled *286 to reimbursement. The report of the committee discloses that the plaintiff was asserting a right to reimbursement for the loss of a homestead entry made upon the lands involved, and which was lost by the adverse decisions of the Circuit Court of Appeals of the Ninth Circuit, the decision being thereafter affirmed by the Supreme Court, 255 U. S. 221. Notwithstanding the ambiguity of the statute and the perplexing situation as to just what was intended, we think it is obvious that Congress did at least intend one certain thing, and that was to furnish the plaintiff a judicial forum wherein the asserted claim for reimbursement should be made the subject of judicial determination. Tillson’s case, 100 U. S. 43, 46. If this position is not sustainable, there remains but one other course, and that is the jurisdiction of the court to find the facts and transmit the findings to Congress. This the court did in a case somewhat similar, Ayres v. United States, 44 C. Cls. 110, 121, and the defendant makes no objection to this course being pursued in this case. In fact, this is the extent of the court’s jurisdiction under the present jurisdictional act. The report of the committee recites that in its opinion the decision of the court has done Bodkin an injury and injustice, for which his widow is entitled to relief, but clearly this court is not to enter into any discussion relative to the opinions cited in record. If recognition is to be accorded the plaintiff’s contention, notwithstanding the final adjudication of the rights of Edwards and Bodkin to the lands in question, obviously it is a subject foreign to a justiciable issue, and one that rests with Congress and not the court. The court was in the first instance impressed with the opinion that there was a basis for awarding judgment in the case on the theory of a loss of lands by the plaintiff through the erroneous action of the Land Office in granting a patent to the same to Bodkin. This position we now believe to be untenable, and that the status of the case leaves open but one issue, and that is the value of the lands involved. Our final conclusion is predicated upon the existence of a doubt as to whether, in view of the record, we should dismiss the petition, or report the facts to Congress. We resolve the doubt in favor of report *287 ing the facts to Congress, inasmuch as the act admits of such a construction. The findings will be amended to the extent of reciting the facts as they appear in the cases cited, and the court’s conclusion as to a fair value of $28,000.00 adhered to. The former judgment of the court will be set aside and vacated. The findings as amended will be certified to Congress. It is so ordered.
SiNNOtt, Judge, took no part in the decision of this case.