Paul E. UNRUH, Plaintiff,

v.

Stewart L. UDALL, Secretary of the Interior of the United States, and Individually, J. R. Penny, formerly Nevada State Director, Bureau of Land Management, U. S. Department of the Interior, and Individually, Nolan F. Keil, Nevada State Director, Bureau of Land Management, U. S. Department of the Interior, and Individually, Val B. Richman, District Manager, Carson City Office, Bureau of Land Management, U. S. Department of the Interior, and Individually, and Wesley Laverne Edwards, Individually, Defendants.

Civ. No. 1894–N.

United States District Court
D. Nevada.

June 14, 1967.

George W. Abbott, Minden, Nev., for plaintiff.

Julien G. Sourwine, Asst. U. S. Atty., Reno, Nev., for defendant Government employees.

Stewart & Horton, Reno, Nev., for defendant Wesley Laverne Edwards.

## ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

THOMPSON, District Judge.

Plaintiff initiated a contest (43 U.S.C. § 185) of a homestead entry made by one Wesley Laverne Edwards. Plaintiff's contention was that the homestead entryman had failed to establish residence on the property within six months after date of entry and that the extension of time granted to Edwards by the Bureau of Land Management, permitting establishment of residence within twelve months, was obtained by fraud [43 U.S.C. § 169; 43 C.F.R. 2211.2–2(c)].

The issues made by the contest complaint and answer thereto were tried before a hearings examiner and followed the full course of administrative appeals culminating in a decision by the Secretary of the Interior on September 21, 1966 dismissing the contest. This action followed naming the Secretary of the Interior and homestead entryman as defendants and seeking a review of the Secretary's decision under the standards established by the Administrative Procedure Act (5 U.S.C. § 1001 et seq.).

█ The defendants have moved for summary judgment and have lodged the complete administrative record with the Court in support of the motion. Inasmuch as plaintiff's sole contention is that the finding of the Secretary of the Interior is arbitrary and not supported by any evidence, this Court would be limited to consideration of the administrative record alone even if the case were to be tried. Noren v. Beck (S.D. Cal.1961), 199 F.Supp. 708; Denison v. Udall (Ariz.1965), 248 F.Supp. 942. All parties allude solely to the administrative record in support of their contentions. Accordingly, the issues are those of law only, there are no disputed issues of material fact, and summary judgment is a proper procedure.

Plaintiff Unruh has no interest or asserted interest in the subject property other than that given him by statute (43 U.S.C. § 185).[1] His status is that of a claim jumper. He "had no claim to the land prior to the contest, and in instituting and carrying it through acted as a common informer, which was admissible under the public land laws. To encourage the elimination of unlawful entries by such contests Congress" adopted the cited statute. McLaren v. Fleischer, 1921, 256 U.S. 477, at 479, 41 S.Ct. 577, 65 L.Ed. 1052.

█ This observation, while not in derogation of Unruh's right to initiate the contest for the purpose of acquiring a preference right of entry under the statute nor of his standing to maintain this action to review the Secretary's decision, is, nevertheless, pertinent to the question of burden of proof posed by the parties. The preference right of a successful contestant has long been recognized as a sufficient interest to accord him standing to sue and be sued. McLaren v. Fleischer, supra; Wells v.

---

[1] "§ 185. Preference right of entry of successful contestants. In all cases where any person has contested, paid the land-office fees, and procured the cancellation of any preemption, homestead or timber culture entry, he shall be notified by the officer designated by the Secretary of the Interior of the land office of the district in which such land is situated of such cancellation, and shall be allowed thirty days from date of such notice to enter said lands: *Provided,* That should any such person who has initiated a contest die before the final termination of the same, said contest shall not abate by reason thereof, but his heirs who are citizens of the United States, may continue the prosecution under such rules and regulations as the Secretary of the Interior may prescribe, and said heirs shall be entitled to the same rights under this section that contestant would have been if his death had not occurred."

Bodkin, 1925, 267 U.S. 474, 45 S.Ct. 397, 69 L.Ed. 742; Bodkin v. Edwards, 1921, 255 U.S. 221, 41 S.Ct. 268, 65 L.Ed. 595.

On the question of burden of proof, however, the status of the contestant in a private contest is important.[2] Who is the proponent of the rule or order in such a contest? See: Foster v. Seaton, 1959, 106 U.S.App.D.C. 253, 271 F.2d 836; Stewart v. Penny (D.C.Nev.1965), 238 F.Supp. 821. Plaintiff argues that the burden was upon Edwards, the homestead entryman, to establish absence of fraud by a preponderance of the evidence, this upon the theory that the contestant in a private contest stands in the shoes of the Government. Plaintiff relies upon the decision of this Court in Stewart v. Penny, supra. The Secretary, on the other hand, asserts that the burden was upon the contestant to prove fraud by clear and convincing evidence, and this principle was consistently adhered to throughout the course of administrative proceedings by the hearings examiner, the Director of the Bureau of Land Management, and the Secretary of the Interior.

■■ We do not agree with plaintiff that Stewart v. Penny, supra, governs this case. There is a marked distinction between a government contest and a private contest of a homestead entry. In the former, the homestead entryman has applied for a patent to public lands and is the proponent of the rule or order, the procedure by way of contest complaint being a practical tool to define the issues to be tried. A private contest is different. In this case, the Bureau of Land Management had accepted the homestead entryman's proof of illness and had granted him the extension of time to establish residence on the property, an extension upon which he had relied. In seeking to overturn the order granting the extension, the plaintiff-contestant was the proponent and had the burden to establish the fraud which he alleged. His action, while indirectly in aid of enforcement of the homestead laws, was directly for the purpose of establishing a right of preference in himself if he should be a successful contestant (43 U.S.C. § 185).[3]

■ We also have no difficulty in accepting the standard that fraud must be proved by clear and convincing evidence. In addition to Land Department rulings cited in the proceedings (Arnold v. Langley, 1 L.D. 439, 441; James R. Crawford, 53 I.D. 435, 438), this is a recognized rule of law of general applicability. Lalone v. United States, 1896, 164 U.S. 255, 17 S.Ct. 74, 41 L.Ed. 425; Diamond Coal & Coke Co. v. United States, 1914, 233 U.S. 236, 34 S.Ct. 507, 58 L.Ed. 936.

■ Under this state of the law, the following finding by the Secretary of the Interior must be accepted by this Court (Opinion of Assistant Solicitor Hom, September 21, 1966) as it is entirely consistent with the evidence:

"The entire record has again been carefully reviewed, and I find that the testimony clearly establishes the

---

2. 5 U.S.C. § 1006(c): "Except as statutes otherwise provide, the proponent of a rule or order shall have the burden of proof." See: Kirby v. Shaw (9 CCA 1966), 358 F.2d 446.

3. The regulations (43 C.F.R. 1852.1–1) provide that private contests may be initiated by "any person who claims title to or an interest in land adverse to any other person claiming title to or an interest in such land or who seeks to acquire a preference right pursuant to * * * 43 U.S.C. 185", and 43 C.F.R. 1852.3–5, regulating the conduct of the hearing, states: "The contestant will then present his case following which the other parties (*and in private contests the Bureau, if it intervenes*) will present their cases." (Italics added.) The recognition of the possibility of intervention by the Bureau of Land Management shows that a private contestant does not stand in the shoes of the Government and the kinds of interests which the law recognizes as justifying a private contest are those which would normally require the contestant to carry the burden, as he would have to assert and rely upon the strength of his own title or claim of interest.

facts upon which Unruh bases his allegation of fraud. However, I conclude that these facts, in themselves, do not clearly, unequivocally, and convincingly establish that the extension of time was obtained fraudulently. The fact that Edwards was in good health for the three months after his entry was allowed and the fact that he went to Southern California to work and earn money do not have any bearing on whether he was ill in October before he filed his request for extension. The fact that he may have appeared to be in good health on November 4, 1964, also does not establish that he had not been ill or that his request for extension was fraudulent when made. Therefore, for these reasons, I affirm the decision below. Consequently, the validity of the additional reason for granting an extension of time discussed in the decision of the Office of Appeals and Hearings relating to the poverty of an entryman need not be considered."

Accordingly, defendants' motions for summary judgment are granted.