Everett **FOSTER** et al., Appellants

v.

Fred A. **SEATON**, Secretary of the Interior, Appellee.

No. 14953.

United States Court of Appeals District of Columbia Circuit.

Argued June 4, 1959.

Decided Oct. 22, 1959.

Mr. Leo A. Huard, Washington, D. C., with whom Messrs. Ralph E. Becker and F. Murray Callahan, Washington, D. C., were on the brief, for appellants.

Mr. Claron C. Spencer, Atty., Dept. of Justice, with whom Mr. S. Billingsley Hill, Atty., Dept. of Justice, was on the brief, for appellee. Mr. Roger P. Marquis, Atty., Dept. of Justice, also entered an appearance for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and BURGER, Circuit Judges.

## PER CURIAM.

This case relates to appellants' claims under provisions of the mining laws which authorize "occupation and purchase" of Government lands containing "valuable mineral deposits." Rev.Stat. §§ 2319, 2325, 2329 (1875), 30 U.S.C.A. §§ 22, 29, 35. The Department of the Interior instituted proceedings contesting the claims on the ground that the allegedly "valuable mineral deposits" of sand and gravel, located thirteen miles from the center of Las Vegas, Nevada, were insufficient, *inter alia,* in quantity, quality and accessibility to a market to constitute a valid discovery. The hearing officer rendered a decision favorable to appellants, but it was reversed by the Director of the Bureau of Land Management upon an appeal by rival claimants who had intervened to assert an interest in the land under the Small Tract Act, 68 Stat. 239 (1954), 43 U.S.C.A. § 682a et seq. The Secretary of the Interior sustained the Director's ruling. Appellants then instituted this suit in the District Court under the Administrative Procedure Act to review the Secretary's decision. On cross motions, the District Court granted a summary judgment in favor of appellee and this appeal followed.

Appellants have raised a number of points relating to errors of procedure and statutory interpretation allegedly committed throughout the administrative process. We have examined them carefully and find no merit in the contentions. We discuss them briefly.

█ Appellants claim that they were prejudiced because intervenors were improperly admitted to the hearing, and that, without such intervention, the ruling of the initial hearing examiner in favor of appellants would never have been appealed and hence never reversed.[1] It is clear, however, that the intervenors as rival claimants for the land under the Small Tract Act, allowing the Secretary to lease or sell vacant Government lands for certain residential and commercial uses, were interested parties. We find no basis for disturbing the administrative action with respect to this intervention.

Appellants also contend that the hearing examiner erroneously denied their request to examine a confidential document from which a Government witness was testifying. The record shows that upon the witness' claim of a governmental privilege appellants' counsel withdrew his request for disclosure. Thereafter the hearing officer expressly stated that he would, if again requested, rule in appellants' favor. Since the objection was not revived, the point is plainly not now available to appellants.

██ Appellants' third allegation of error is that the Secretary failed to hold the Government to the standard of proof required by the Administrative Proce-

---

1. The Government was apparently willing to allow the hearing examiner's ruling to stand.

dure Act, which states that "the proponent of a rule or order shall have the burden of proof." 60 Stat. 241 (1946), 5 U.S.C.A. § 1006. The Secretary ruled that, when the Government contests a mining claim, it bears only the burden of going forward with sufficient evidence to establish a prima facie case, and that the burden then shifts to the claimant to show by a preponderance of the evidence that his claim is valid.[2] The short answer to appellants' objection is that they, and not the Government, are the true proponents of a rule or order; namely, a ruling that they have complied with the applicable mining laws. One who has located a claim upon the public domain has, prior to the discovery of valuable minerals, only "taken the initial steps in seeking a gratuity from the Government." Ickes v. Underwood, 78 U.S.App. D.C. 396, 399, 141 F.2d 546, 549, certiorari denied 1944, 323 U.S. 713, 65 S.Ct. 39, 89 L.Ed. 574; Rev.Stat. § 2319 (1875), 30 U.S.C.A. § 23. Until he has fully met the statutory requirements, title to the land remains in the United States. Teller v. United States, 8 Cir., 1901, 113 F. 273, 281. Were the rule otherwise, anyone could enter upon the public domain and ultimately obtain title unless the Government undertook the affirmative burden of proving that no valuable deposit existed. We do not think that Congress intended to place this burden on the Secretary.

■ Appellants' principal assignment of error is that the Secretary misinterpreted the statute by requiring a demonstration of present value. They earnestly contend that their claim can also be sustained on the basis of prospective market value.

The statute says simply that the mineral deposit must be "valuable." Rev.Stat. § 2319, 30 U.S.C.A. § 22. Where the mineral in question is of limited occurrence, the Department, with judicial approval, has long adhered to the definition

of value laid down in Castle v. Womble, 19 I.D. 455, 457 (1894):

> "[W]here minerals have been found and the evidence is of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine, the requirements of the statute have been met."

With respect to widespread non-metallic minerals such as sand and gravel, however, the Department has stressed the additional requirement of present marketability in order to prevent the misappropriation of lands containing these materials by persons seeking to acquire such lands for purposes other than mining. Thus, such a "mineral locator or applicant, to justify his possession, must show that by reason of accessibility, *bona fides* in development, proximity to market, *existence of present demand*, and other factors, the deposit is of such value that it can be mined, removed and disposed of at a profit." Layman v. Ellis, 54 I.D. 294, 296 (1933), emphasis supplied. See also Estate of Victor E. Hanny, 63 I.D. 369, 370–72 (1956). Particularly in view of the circumstances of this case, we find no basis for disturbing the Secretary's ruling. The Government's expert witness testified that Las Vegas valley is almost entirely composed of sand and gravel of similar grade and quality. To allow such land to be removed from the public domain because unforeseeable developments might some day make the deposit commercially feasible can hardly implement the congressional purpose in encouraging mineral development.

■ Thus the case really comes down to a question whether the Secretary's finding was supported by substantial evidence on the record as a whole. We think it was. There may have been substantial evidence the other way also, but

---

2. This is the standard which the Department of Interior has applied for a number of years. See United States v. Strauss, 59 I.D. 129 (1945).

we do not weigh the evidence. The testimony of Shafer and his colleagues in support of the Government was clearly substantial and most certainly was not destroyed. He was an experienced man, knew sand and gravel, knew the Las Vegas area, and his testimony was clear, succinct and convincing.

Affirmed.