**510**

Charles H. HENRIKSON and Oliver M. Henrikson, Plaintiffs,

v.

Stewart L. UDALL, United States Secretary of the Interior, the United States of America, George Steed, District Ranger, United States Department of Agriculture, Forest Service, et al., Defendants.

Civ. No. 41749.

United States District Court
N. D. California, S. D.

May 22, 1964.

Nagle, Vale & McDowall, San Mateo, Cal., for plaintiffs.

Cecil F. Poole, U. S. Atty., J. Harold Weise, Asst. U. S. Atty., San Francisco, Cal., for defendants.

HARRIS, Chief Judge.

Defendants have moved for summary judgment in an action initiated by plaintiffs under the Federal Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., asking for review of a decision by the

Secretary of the Interior who ruled against plaintiffs' mining claim on Squaw Creek Placer. The motion is based on the pleadings and the exhibits lodged and filed with the court and constituting the entire record of proceedings heretofore had by plaintiffs in their hearing, and the review therefrom, before the Department of the Interior. Defendants contend that the undisputed facts entitled them to a summary judgment inasmuch as the evidence upon which the Secretary based his decision (Exhibit C) was sufficient as a matter of law to sustain his holding. (Foster v. Seaton, 106 U.S.App.D.C. 253, 271 F.2d 836, 838; Adams v. United States, (9th Cir.) 318 F.2d 861, 873.)

The record, which has been reviewed in its entirety by the court, discloses that plaintiffs were the holders of two placer-mining claims known as Squaw Valley Placer and Squaw Creek Placer. The former was obtained in 1949 and the latter in 1953 and both dealt with sand and gravel. Plaintiffs applied for a patent in 1957 under the general mining laws and administrative regulations (30 U.S. C.A. § 21 et seq.).

The two claims adjoined one another at the mouth of Squaw Valley in the Tahoe National Forest about five miles north of the lake. Squaw Valley Placer had been worked for its sand and gravel for some years prior to the initiation of the patent proceedings; Squaw Creek Placer had been explored as a possible source of materials when the sand and gravel of Squaw Valley Placer should become exhausted. The record indicates an expenditure of several hundred dollars on the Squaw Creek claim.

The government challenged both claims in a contest proceeding brought against plaintiffs' holdings, alleging that there had been no discovery of a valuable mineral as required by the patent laws.

At the conclusion of a hearing in 1959 before a Hearing Examiner, the case went to the Secretary of the Interior whose decision is now being challenged by plaintiffs insofar as it declared invalid the Squaw Creek claim. Plaintiffs ask this court to upset the decision of the Secretary of the Interior (70 Interior Department Decisions 212), on the ground that it is not supported by substantial evidence.

The record discloses that three expert witnesses, all of whom examined Squaw Creek Placer, independently stated that the gravel did not exist in commercial quantities nor quality and would not justify development by a prudent man.[1] These witnesses, in addition to their outstanding qualifications, walked over the terrain, measured the showings of sand and gravel in the pits by pacing and by tape, made maps to determine the geological character of the deposits both as to their extent and their nature and to estimate their quality and quantity. They looked at the excavations which had been made on the claims, identified the material and analyzed it in terms of its characteristics for commercial development. Thus the defendants produced an abundance of evidence to support the opinions expressed by the several witnesses as to the gravel deposits to be found at Squaw Creek Placer.

The legal requirement for obtaining a patent on a mining claim must be fulfilled by claimant making a discovery whose existence is in such condition that the government may confirm it by an examination. (United States v. Houston, 66 I.D. 161.) The several representatives of the government failed to confirm gravel deposits in such quantity or quality as to warrant a prudent man in making an investment in Squaw Creek Placer.

1. See testimony of William C. Sanborn, pp. 98 and 101, Tr.; Alfred J. Oyster, p. 285; Ira E. Klein, pp. 471 (1.19): "Well, on the basis of what is actually showing, as to what I consider classified material which would be reasonable to process, I do not believe that a prudent man would be justified (in investing time and money * * * in the hope of producing at this time a paying mine or quarry.)" 483.

■■ Where there is substantial evidence to support the findings and conclusions of the Secretary of the Interior, the court will not attempt to resolve any conflicts in the testimony nor to place its own interpretation on the evidence. Its function is to review the record to ascertain whether there is evidence which warrants the decision of the Secretary (Foster v. Seaton, supra; Adams v. United States, supra.) Summary judgment is the proper procedure for disposing of the case when based upon both the pleadings and the "exhibits lodged and filed" and consisting of the entire administrative record (Adams v. United States, supra, 318 F.2d at 865.)

■■ Since the Hearing Examiner based his findings upon a mistake of law in assuming that the discovery on the adjoining claim of Squaw Valley Placer could inure to the benefit of Squaw Creek Placer it was proper for the Secretary to correct this error in his review of the case. But for the Examiner's mistake in the law he must have found consistent with the evidence that discovery was not made on the Squaw Creek Claim prior to July 23, 1955, the date after which common varieties of sand and gravel could not provide the mineral basis for a valid claim. 30 U.S.C.A. §§ 601, 611. It is the Secretary's decision which is controlling and which the court must consider in weighing the evidence submitted upon the patent hearing. As held in such cases as Sisto v. Civil Aeronautics Board, 86 U.S.App.D.C. 31, 179 F.2d 47, 51, and N.L.R.B. v. Stocker Mfg. Co., 3 Cir., 185 F.2d 451, 453, the findings of the examiner are tentative and interlocutory; it is the order of the reviewing body which is final and appealable.

■■ The court looks to the expertise of the Department of the Interior, which has plenary authority over the administration of public lands, including mineral lands. (Cf. Best v. Humboldt Mining Co., 371 U.S. 334, 336, 83 S.Ct. 379, 9 L.Ed.2d 350.) It is appropriate that an administrative agency make its determination of the issues involved in this patent claim based upon gravel allegedly discovered in Squaw Creek Placer. This the Secretary of the Interior has now done and his decision is supported by an abundance of evidence.

Accordingly, it is ordered that defendants' motion for summary judgment be, and the same hereby is, granted.