Marie W. DENISON, individually and as Executrix of the Estate of Alvis F. Denison, Deceased, Plaintiff,

v.

Stewart L. UDALL, Secretary of the Department of the Interior of the United States of America, Defendant.

No. Civ–963–Pct.

United States District Court
D. Arizona.

Dec. 10, 1965.

■

Ryley, Carlock & Ralston, Phoenix, Ariz., for plaintiff.

William Copple, U. S. Atty., by Richard S. Allemann, Asst. U. S. Atty., Phoenix, Ariz., for defendant.

CRAIG, District Judge.

The plaintiff in this case, Denison, seeks judicial review of the final decision of the Solicitor of the Department of the Interior. The Solicitor denied Denison's patent application on sixteen manganese mining claims located in the Sitgreaves National Forest, Coconino County, Arizona, and declared the claims to be void.

The Agency action contested herein by plaintiff is subject to judicial review, pursuant to the Administrative Procedure Act, 5 U.S.C.A. §§ 1001–1011. As indicated in Adams v. Witmer, 271 F.2d 29, at page 37 (9th CCA 1961), dealing with the review of a placer claim cancellation by agency action, review should be pursuant to Section 10(e) of the Administrative Procedure Act, 5

U.S.C.A. § 1009(e). Such review should be confined to the whole Agency record, or such portion thereof as may be cited by any party, and additional evidence should not be admitted. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456.

█ As indicated by the Court in Adams v. Witmer, supra, there should be no *de novo* judicial determination by this Court, but a determination that the final administrative decision is or is not substantially supported by the administrative record. Therefore, a summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, may be granted for either party in response to their cross-motions. Adams v. United States, 318 F.2d 861 (9th CCA 1963).

The Solicitor of the Department of the Interior has captioned his decision in the present case as deciding that, although a mining claim may have been valid in the past because of a discovery on the claim of a valuable deposit of mineral, the mining claim will lose its validity if the mineral deposit ceases to be valuable because of a change in economic conditions, and there is no reasonable prospect of a future market.

█ Neither the various briefs of the parties, nor the independent search of the Court, indicates sufficient evidence in the record to substantiate the Solicitor's finding that the claims have ceased to be valuable. All the pages of the hearing record cited by the Solicitor in footnote 4 of his decision, incorporated by reference, but not supplemented in the defendant's answer, indicate only testimony of witnesses appearing on behalf of the plaintiff, Denison, in the administrative hearing. Their testimony indicates that a reasonable man might well expend money, as Denison had done, in the expectation of a future market for the manganese extracted, even though the present value is not such as to guarantee a profit. A government witness, Mr. Tragitt, went so far as to say he believed four of the claims were patentable if changed from lode to placer claims. (Record of hearing, pp. 487–488.) There was little or no proof adduced that a reasonable man might *not* expect the market to return, and a substantial amount to indicate that he could.

Cases cited by the defendant as controlling in this case are Mulkern v. Hammitt (9 CCA 1964), 326 F.2d 896, and Adams v. United States, supra. Both cases dealt with the judicial review of placer mining claim cancellations.

The earlier case decided, Adams v. United States, dealt with the denial of a patent application and the cancellation of the placer claim for a worked out gold mine in Charlie Canyon, Angeles Forest, Los Angeles County, California. It was held that the showing which must be made with respect to value in order to establish a valid claim for a metallic mineral pursuant to 30 U.S.C. 22 et seq., was that stated in Castle v. Womble, 19 L.D. 455, 457, and thereafter given recognition by the Supreme Court in Chrisman v. Miller, 197 U.S. 313, 325, 25 S.Ct. 468, 470, 49 L.Ed. 770.

This test, as quoted by the Court in Adams v. United States, is:

"Where minerals have been found and the evidence is of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine, the requirements of the statute have been met." 318 F.2d 861, 870.

This has recently been used by the United States Supreme Court in Best v. Humboldt Placer Mining Co., 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963).

The Court, in Adams v. United States, further stated that the agency properly considered evidence as to the cost of extracting the mineral, not to ascertain whether assured profits were presently demonstrated, but whether, under the circumstances, a person of ordinary prudence would expend substantial sums in the expectation that a profitable mine might be developed. As the mine was worked out, evidence of the value of re-

coveries made twenty years prior to the final administrative decision had little relation to the value at the time of the hearing, and so was properly given little weight.

Adams v. United States held that before a mineral patent can be issued, it must be shown as a present fact, at the time of the application for patent, that the claim is valuable for minerals. But value, in the sense of proved ability to mine the deposit at a profit, need not be shown. The reasonable expectation of future profitable exploitation would be enough under Castle v. Womble, supra. It was held in Adams v. United States that there was substantial evidence in the record of lack of present value upon which the Solicitor could base his denial of the patent application and cancellation of the claims.

Adams v. United States was followed as a precedent in the Mulkern decision, which concerned gypsum and sand claims with no reasonable expectation of future profitable exploitation, and no past record of commercial utilization.

The question before the Court in Mulkern was the time as of which the Castle v. Womble test should be applied. Choice lay only between the year 1922 and the years immediately thereafter, or the time of the hearing, 1957. The existence on the administrative record of sufficient evidence to indicate a lack of present profitability or reasonable prospect of future profitable exploitation was conceded. The Court held the Castle v. Womble standard should be applied as of the time of the hearing, following Adams v. United States. The Castle v. Womble standard and the substantiality of the evidence to which it was applied were upheld.

In neither case was the issue argued or decided as to whether the Castle v. Womble test made null and void inherently valuable recently mined metallic mineral claims whose loss of value was due *solely* to economic changes. The Mulkern decision embodies sweeping language in this direction which makes no distinction between inherently valuable minerals and nonmetallic minerals of common occurrence. The facts of the case imply this distinction was not considered in making the statement. The Mulkern decision concerned sand and gypsum claims which were never commercially mined, and there was no controversy as to the fact that they had no present or future prospect of reasonable exploitation. On the above grounds, neither Adams nor Mulkern furnish adequate basis for the standard applied by the Solicitor.

The standard applied by the Solicitor would appear applicable to common-occurrence nonmetallic minerals claims, but not to the metallic mineral claims in this case. Foster v. Seaton (1959), 106 U.S.App.D.C. 253, 271 F.2d 836, makes the distinction between metallic and common-occurrence nonmetallic mineral claim standards clear, and indicates the reasons behind each. The Court in Foster (271 F.2d 836, at 838), stressed that the requirement of present marketability for common-occurrence nonmetallic minerals was *separate* and *additional* to the requirement for present value for metallic minerals laid down in Castle v. Womble. The Court stated the additional requirement was necessary to prevent misappropriation of lands containing nonmetallic minerals such as sand and gravel by persons seeking to acquire such land for purposes other than mining, and whose claims were thus not in good faith. See 30 U.S.C.A. § 611 for an expression of Congressional intent on this same line. Lack of *bona fides* or good faith in mineral development, to the knowledge of the Court, has not yet been raised in this case.

▊▊ The issue of the correctness of the standard employed by the agency need not be reached. The standard that was applied, that of future profitability, did not have prima facie substantiation in the record, and so the decision of the Solicitor is void and of no effect. 5 U.S.C.A. § 1009(e) (B) (5); Universal Camera Corp. v. NLRB, supra. When the government contests a claim for *common-occurrence* nonmetallic minerals on

the grounds of lack of a future market, it has the burden of *at least* a prima facie case. Foster v. Seaton, supra. *A fortiori* this burden must also be borne in contesting a claim to metallic minerals of limited occurrence. On the basis of the record here submitted, the defendant has not borne this burden.

*Bona fides,* as well as the issue of future marketability, might have been, or be, alleged by the contestant prior to the hearing. This would allow all parties to present evidence in the hearing, should these issues, in fact, be present in this case.

The Solicitor also referred to but did not decide the issue of *bona fides* in a case considered together with the present one, U. S. v. Leo E. Shoup, A–29983. However, the issue of *bona fides* should not enter into the decision of the Solicitor regarding the instant Denison claims unless alleged and argued in the evidentiary proceedings below.

Wherefore, it is ordered that the decision of the Deputy Solicitor is reversed, and the case is remanded to the Department for further evidentiary proceedings consonant with this opinion.