**Alfred N. VERRUE, Appellee,**

v.

**UNITED STATES of America et al.,**
**Appellants.**

**No. 71–1423.**

United States Court of Appeals,
Ninth Circuit.

March 13, 1972.

Rehearing Denied April 6, 1972.

Carl Strass (argued), George R. Hyde, Dept. of Justice, Shiro Kashiwa, Asst. Atty. Gen., Edmund B. Clark, Chief, Appellate Section, Washington, D. C., Richard K. Burke, U. S. Atty., Richard S. Allemann, Asst. U. S. Atty., Phoenix, Ariz., for appellants.

Albert H. Mackenzie (argued), of Mackenzie, Bolze & Hirsch, Phoenix, Ariz., for appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and TAYLOR *, District Judge.

---

* Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.

FRED M. TAYLOR, District Judge:

This is an appeal by appellants from an order of the District Court reversing a decision of the Secretary of Interior declaring a placer mining claim, the Sandy No. 2, of appellee null and void for lack of discovery of a valuable mineral deposit.

The record in this case reveals that Alfred N. Verrue (Appellee) located the Sandy No. 2 claim on March 7, 1946. On April 9, 1963, a complaint was filed by the United States Government (Appellant) in which it was charged that no discovery of valuable minerals had been made within the boundaries of the claim between March 7, 1946 (date of location) and February 10, 1948 (final withdrawal date). After an evidentiary hearing held on March 24, 1964, a hearing examiner, on November 6, 1964, dismissed the Government's complaint, thereby sustaining the validity of the claim. The decision of the hearing examiner was reversed by the Office of Appeals and Hearings, Bureau of Land Management, which decision was upheld by the Secretary. Upon a review of the final decision of the Secretary of the Interior, the District Court reversed, finding that the Secretary's decision was not supported by substantial evidence. This court has jurisdiction to review this matter pursuant to 5 U.S.C.A. § 704 (formerly 5 U.S.C. 1009(c)).

The narrow issue presented is whether there is substantial evidence in the record as a whole to support the Secretary's decision. The parties agree that the determinative question presented to the hearing examiner, the Secretary and the District Court was whether the sand and gravel on appellee's claim was "marketable" in the 1946–48 period.

The criteria of marketability for sand and gravel claims was clearly announced in Foster v. Seaton, 106 U.S.App.D.C. 253, 271 F.2d 836, 838 (1959) wherein the court stated:

" . . . 'a mineral locator or applicant, to justify his possession, must show that by reason of accessibility,

bona fides in development, proximity to market, existence of present demand, and other factors, the deposit is of such value that it can be mined, removed and disposed of at a profit'."

The most recent and authoritative enunciation of this rule is found in United States v. Coleman, 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968) and in Barrows v. Hickel, 447 F.2d 80 (9th Cir. 1971). In Barrows, the court analyzed the development of the marketability and prudent-man tests and determined at p. 82, in regard to the "prudent-man test", that:

"Actual successful exploitation of a mining claim is not required to satisfy the 'prudent-man test'." [citing Coleman, supra]

and at p. 83, in regard to the "marketability test" that:

"The 'marketability test' requires claimed materials to possess value as of the time of their discovery. Locations based on speculation that there may at some future date be a market for the discovered material cannot be sustained. *What is required is that there be, at the time of discovery, a market for the discovered material that is sufficiently profitable to attract the efforts of a person of ordinary prudence.*" [emphasis added.]

In applying the criteria of marketability as set forth in Foster, supra, the Secretary found that in the 1946–48 period the Sandy No. 2 claim contained a useful and accessible deposit of sand and gravel of the same quality as was being removed and marketed in the general vicinity of the claim. See: United States v. Verrue, 75 I.D. 300, 307 (1968). After reviewing the evidence presented, the Secretary concluded that the failure of the appellee to sell any sand and gravel from his claim in the 1946–48 period demonstrated the lack of marketability at a profit of sand and gravel from the Sandy No. 2 claim by a preponderance of the evidence.

In determining whether the Secretary's decision was based on substantial

evidence, this court finds the following language from *Foster, supra, at* 271 F. 2d 836, 838 persuasive:

" . . . the case really comes down to a question whether the Secretary's finding was supported by substantial evidence on the record as a whole. We think it was. There may have been substantial evidence the other way also, but we do not weigh the evidence. *The testimony of Shafer and his colleagues in support of the Government was clearly substantial and most certainly was not destroyed. He was an experienced man, knew sand and gravel, knew the Las Vegas area, and his testimony was clear, succinct and convincing.*" [*emphasis added.*]

The government presented three witnesses, none of whom were in the Phoenix area from 1946 to 1948; nor did any one of them have personal knowledge of the sand and gravel market during that time. Since the crucial issue is the "marketability" of the sand and gravel during the 1946–48 period, their testimony sheds no light on that issue.

On the other hand, the appellee presented three witnesses, besides himself, all of whom testified directly as to the "marketability" of sand and gravel in the immediate vicinity of the Sandy No. 2 claim during the 1946–48 period. This testimony was clearly competent to establish the existence of a market for the material present on the claim.

 It appears that the Secretary's decision was based solely on his findings that there were no sales of sand and gravel at a profit from the claim and that there was evidence of an abundance of material in the area other than on the Sandy No. 2 claim, despite the uncontradicted evidence introduced by appellee

that the material on Sandy No. 2 was marketable at a profit during the 1946–48 period. In determining marketability, evidence of sales is only one factor to be considered in the application of the prudent-man and marketability tests. See *Coleman,* supra. In our opinion this lack of evidence as to sales and the fact that there was other material available does not constitute the substantial evidence required to support the conclusion of the Secretary, when, as here, there is positive evidence in the record of marketability.[1]

After fully considering the evidence in the record as a whole, this court finds and concludes that the decision of the Secretary is not supported by substantial evidence and that the decision of the District Court should be, and hereby is, affirmed.

---

1. In Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 "substantial evidence" is defined as:

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [citations omitted.] "It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." [citations omitted.] "This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."