David Ray RAWLS, Plaintiff-Appellant,

v.

SECRETARY OF the INTERIOR et al.,
Defendants-Appellees.

No. 71–2845.

United States Court of Appeals,
Ninth Circuit.

May 4, 1972.

Rehearing Denied May 26, 1972.

David Ray Rawls, pro se.

Richard K. Burke, U. S. Atty., William C. Smitherman, Richard S. Allemann, Asst. U. S. Atty., Phoenix, Ariz., Thomas L. Adams, George R. Hyde, Kent Frizzell, Asst. Atty. Gen., Washington, D. C., for defendants-appellees.

Before HAMLEY, MERRILL and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal by plaintiff-appellant David Ray Rawls, acting in propria persona, from an order of the district court denying appellant's motion for summary judgment and granting that of the defendant, Secretary of the Interior and Robert Mesch, Hearing Examiner of the United States Forest Service.

The dispute concerns the validity of two placer mining locations on land in the Kaibab National Forest in Arizona. Appellant located them in 1964 for building stone asserting that the flagstone deposits were of "distinct and special value" for building purposes. In 1966 the Forest Service of the Department of Agriculture examined the claims and concluded that they were invalid because flagstone was not a material subject to location under the mining laws since the Act of July 23, 1955 (69 Stat. 367). It was recommended that a contest be initiated to declare them invalid. A hearing was thereafter held on such a contest at which appellant appeared and objected on constitutional grounds to all proceedings, and then left before evidence was presented. The decision of the examiner was that the claims were invalid because the lands were nonmineral. United States Department of Interior Hearings Decision, Arizona 643, May 18, 1971. No appeal was taken to the Board of Land Appeals, 43 C.F.R. § 4.1 et seq., by the appellant.

The Congress has delegated to the Secretary of the Interior the respon-

sibility of determining the validity of mining claims. Cameron v. United States, 252 U.S. 450, 459–460, 40 S.Ct. 410, 64 L.Ed. 659 (1920). No constitutional rights of appellant were infringed by the exercise of that responsibility. Best v. Humboldt Placer Mining Co., 371 U.S. 334 83 S.Ct. 379, 9 L.Ed.2d 350 (1963). He was afforded full opportunity to support the validity of his claims and if successful, to establish them. *See* Verrue v. United States et al., 457 F.2d 1202 (9th Cir. 1972). He chose not to do so, but to resort to the courts. That forum, however, was not available to him until he had exhausted his administrative remedies. Davis v. Nelson, 329 F.2d 840 (9th Cir. 1964). Appellant is not helped here by United States v. Consolidated Mines & Smelting Co., 455 F.2d 432 (9th Cir. 1971), because the regulations of the Department of the Interior in effect at the date of the hearing, required exhaustion. 35 Fed.Reg. 10010 (June 18, 1970).

Judgment affirmed.