573 F.2d 1109
 Norman T. OLLESTAD, on behalf of himself and all others
similarly situated, Plaintiffs-Appellants,
v.
Clarence M. KELLEY, Director, Federal Bureau of
Investigation, United States Department of Justice, William
Saxbe, Attorney General of the United States, Federal Bureau
of Investigation and United States Department of Justice,
Defendants-Appellees.
 No. 76-1286.
 United States Court of Appeals,
Ninth Circuit.
 April 25, 1978.
 
 Donald W. Ricketts (argued), Los Angeles, Cal., for plaintiffs-appellants.
 Barbara Herwig (argued), of Dept. of Justice, Washington D. C., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before WRIGHT and TANG, Circuit Judges, and BURNS, District Judge.*
 WRIGHT, Circuit Judge:
 
 
 1
 This appeal, which presents issues under the Freedom of Information Act (FOIA) (5 U.S.C. § 552) and the Fair Credit Reporting Act (FCRA) (15 U.S.C. §§ 1681 et seq.), was argued on March 6, 1978. Because the parties were engaged in settlement negotiations regarding release of Federal Bureau of Investigation records, we deferred submission until April 3. The parties have not advised us that a settlement has been effected. Today we affirm in part and reverse and remand in part.
 
 
 2
 Since 1973 plaintiff-appellant has sought release of F.B.I. records pertaining to him. His initial FOIA request was rejected by the F.B.I. Director. On administrative appeal the Attorney General ordered that some documents be released, but that others be retained under several disclosure exemptions of 5 U.S.C. § 552(b). At the time the district court entered summary judgment for the defendants, about 400 pages of documents had been released.
 
 
 3
 After this appeal was taken, negotiations ensued, resulting in the release of over 800 additional pages of documents. The parties agree that the record no longer accurately reflects the current status of plaintiff's request for documents and the government's responses to them. We are unable to ascertain what categories of documents continue to be withheld, how many files or pages are as yet undisclosed, and the disclosure exemptions claimed to be applicable to each.
 
 
 4
 It appears that the district court has not yet examined in camera the unreleased files or samples of the withheld categories of documents. Although in camera inspection is not required in every case, Harvey's Wagon Wheel, Inc. v. NLRB, 550 F.2d 1139, 1143 (9th Cir. 1976), it is a useful device which can aid the court in its de novo review of an agency's decision to resist disclosure.
 
 
 5
 The burden of proof is on the agency claiming exemptions from the statutorily-imposed duty to disclose information, and the court must apply that burden with an awareness that the plaintiff is at a distinct disadvantage in attempting to controvert the agency's claims. See generally Cuneo v. Schlesinger, 157 U.S.App.D.C. 368, 373, 484 F.2d 1086, 1091 (1973), cert. denied sub nom. Rosen v. Vaughn, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974); Vaughn v. Rosen, 157 U.S.App.D.C. 340, 343-347, 484 F.2d 820, 823-27 (1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). It would have been difficult for the district court to have evaluated the merits of defendants' claims of exemptions in this case because they have not yet submitted an index of withheld documents or detailed justifications for their nondisclosure.
 
 
 6
 Therefore, we remand appellant's FOIA action to the district court for further proceedings. That court may require the defendants to prepare an index with detailed justifications for withholding documents so that an in camera inspection can be made, or it may require more detailed affidavits or testimony justifying continued retention of requested documents. E.P.A. v. Mink, 410 U.S. 73, 93, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).
 
 
 7
 Appellant also sought an injunction compelling the F.B.I. to amend records containing false information about him. He brought that action under the FCRA after the agency refused his request that the records be corrected.
 
 
 8
 The district court concluded that the FCRA does not apply to records held by federal agencies and granted defendants' motion for summary judgment. That conclusion was proper in light of the plain language of the statute, the absence of evidence of Congressional intent to include federal agencies within the statutory definition of "consumer reporting agency," and the Federal Trade Commission's interpretation of the statute.
 
 
 9
 The FCRA defines a consumer reporting agency as:
 
 
 10
 . . . any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages, in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.
 
 
 11
 15 U.S.C. § 1681a(f) (emphasis added). It cannot be contended seriously that agencies such as the F.B.I. compile information on persons, particularly on former employees as is the appellant, for the purpose of furnishing consumer reports to third parties.
 
 
 12
 Although the FCRA's legislative history is less than explicit, the tenor of remarks of members of Congress indicates that the statute is concerned with regulating practices in the credit reporting industry rather than with regulating the record-keeping functions of federal agencies. See 116 Cong.Rec. 35941 (1970) (remarks of Sen. Proxmire); 116 Cong.Rec. 36576 (1970) (remarks of Rep. Brown). Moreover, the lack of express reference to federal agencies in the act or in the legislative history is some indication that Congress did not intend to place federal agencies within the purview of the FCRA. See Conf.Rep. No. 91-1587, 91st Cong., 2d Sess., (1970), reprinted in (1970) U.S.Code Cong. & Admin.News, pp. 4411, 4414.
 
 
 13
 Finally, the Federal Trade Commission, the agency charged with administering the FCRA, has concluded that federal agencies are not consumer reporting agencies within the meaning of the act. 16 C.F.R. § 600.6 (1977) (specifically excluding Civil Service Commission but referring generally to all federal agencies). That reasoned conclusion is entitled to our deference. Red Lion Broadcasting Co. v. F.C.C., 395 U.S. 367, 381, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969); Rawls v. United States, 566 F.2d 1373, 1375 (9th Cir. 1978).
 
 
 14
 We note that the relief appellant sought under the FCRA may now be available under the Privacy Act. 5 U.S.C. § 552a(d) & 552a(g)(1)(A). Because his original request was made under the FCRA and predated the Privacy Act, it has not yet received the administrative review it deserves. See 5 U.S.C. § 552a(d) (2) & (3).
 
 
 15
 In affirming summary judgment against appellant on his FCRA claim we do not pass on the merits of any request for correction of records which he may now make under the Privacy Act. After such a request has been properly made and considered, if appellant remains dissatisfied he may then seek injunctive relief to compel the agency to correct his records. 5 U.S.C. § 552a(g)(2)(A).
 
 
 16
 The judgment against appellant on his FOIA claim is reversed and remanded to the district court for proceedings consistent with the views expressed herein. The judgment on appellant's FCRA action is affirmed.
 
 
 
 *
 Of the District of Oregon