5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David R. RAWLS, Plaintiff-Appellant,
v.
Richard L. FOWLER, et al., Defendants-Appellees.
 No. 91-16678.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Rawls appeals pro se the district court's summary judgment in favor of various federal officials and institutions in Rawls's consolidated action alleging that federal defendants illegally deprived Rawls of his mining claims. The district court determined that Rawls's consolidated action is barred by the res judicata and collateral estoppel effect of Rawls's prior actions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's determination that an action is barred by the doctrines of res judicata and collateral estoppel, C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987), and we affirm.
 
 
 3
 The doctrine of res judicata encompasses the doctrines of issue preclusion and claim preclusion. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988). Issue preclusion, or collateral estoppel, "prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." Id. at 322 (quotations omitted). "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Id. at 321 (quotations omitted). Claim preclusion "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action." Ross v. International Bhd. of Elec. Workers, 634 F.2d 453, 457 (9th Cir.1980).
 
 
 4
 Here, Rawls's consolidated action[1] alleges that certain mining laws are unconstitutional and have been misapplied. Specifically, Rawls attacks the U.S. Department of Interior's ("Department") power to determine the validity of mining claims, its use of the "marketability rule," and its determination that a particular sandstone is of a "common variety." Rawls alleges that federal defendants illegally deprived him of his mining claims[2] by applying the marketability rule and by determining that his mining claims do not contain sandstone of an "uncommon variety." Rawls previously litigated these mining claims. See United States v. Rawls, No. 86-1557 (9th Cir. July 28, 1987); Rawls v. United States, 566 F.2d 1373 (9th Cir.1978); Rawls v. Secretary of Interior, 460 F.2d 1200 (9th Cir.), cert. denied, 409 U.S. 881 (1972). In the prior actions, Rawls challenged the marketability test and common variety determination, see Rawls, 566 F.2d at 1375-76, and the Department's power to determine the validity of mining claims, see Rawls, 460 F.2d at 1200-01. Because Rawls's present action is based on the same claims as his prior actions, he is barred from relitigating those claims. See Robi, 838 F.2d at 322.
 
 
 5
 Although Rawls's consolidated action names additional defendants who were not parties to the prior actions, Rawls is nevertheless barred from relitigating these claims based on claim preclusion. Rawls named the United States and the Secretary of the Interior as defendants in his prior actions and names various federal officials and institutions in the present action. The identity of parties requirement of res judicata, however, is fulfilled because the effect of a judgment in Rawls's favor in either the present or prior actions would be to require the government to pay or to require it to act a certain way. See Stafford v. Briggs, 444 U.S. 527, 542 n. 10 (1980).
 
 
 6
 To the extent Rawls's present action includes allegations that should have been asserted in his prior actions, claim preclusion also bars him from raising such claims at this time. See Ross, 634 F.2d at 457. Thus, the district court did not err by granting summary judgment in favor of the federal defendants in the present action under the doctrines of res judicata and collateral estoppel.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rawls filed three actions, which the district court consolidated
 
 
 [2]
 Rawls asserts the following mining claims: White Rock #1, White Rock #2, Lucky 7 (Cuervo), Cucamunga X, Mystery Claim, and Blue Jay