107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul A. GREYSHOCK, Plaintiff-Appellant,
v.
UNITED STATES COAST GUARD; United States Department of
Justice; United States Department of State,
Defendants-Appellees.
 No. 96-15266.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 6, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Greyshock sued the United States Coast Guard, Department of Justice/Federal Bureau of Investigation, and Department of State, seeking disclosure of documents requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The court granted summary judgment in favor of all three defendants, and Greyshock timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We affirm as to the Coast Guard and DOJ/FBI requests and reverse and remand for further consideration of the State Department request.[1]
 
 I. United States Coast Guard
 
 3
 Plaintiff requested from the Coast Guard all documents pertaining to him and to its investigation of his involvement in drug-related crime.[2] The Coast Guard released one file, with redactions that plaintiff does not contest, but withheld a file classified as secret under Executive Order 12,356 (April 2, 1982), published at 47 Fed.Reg. 14,874. It has released segregated portions of the classified file and has unclassified one portion of the file since this action commenced.
 
 
 4
 The court examined in camera and ex parte the classified declaration of Rear Admiral Norman T. Saunders,[3] which describes in detail the reasons for withholding portions of the file. The court concluded that FOIA's national security exemption applies. Plaintiff argues that: the court erred in applying the exemption; it was required to determine the segregability of withheld portions; and its in camera review of Rear Admiral Saunders's classified declaration was both improper and inadequate. We reject each of these arguments.
 
 A. Application of Exemption
 
 5
 We have jurisdiction to order disclosure of agency materials only if they have been withheld "improperly." See Kissinger v. Reporters' Committee, 445 U.S. 136, 150 (1979) (holding that federal jurisdiction over FOIA claim depends on "a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' "). Withholding is proper if one of FOIA's nine exemptions applies.
 
 
 6
 We employ a unique two-step standard to review the district court's application of an exemption. First, we determine whether an adequate factual basis supports the ruling. If not, we must reverse; if so, we next inquire whether the ruling was clearly erroneous. Rosenfeld v. U.S. Dept. of Justice, 57 F.3d 803, 807 (9th Cir.1995), cert. dismissed, 116 S.Ct. 833 (1996).
 
 
 7
 The national security exemption protects from disclosure all materials "specifically required by Executive order to be kept secret in the interest of the national defense or foreign policy." 5 U.S.C. § 552(b)(1)(A). Because FOIA imposes a presumption of disclosure, the Coast Guard bears the burden of proving that the exemption applies. 5 U.S.C. § 552(a)(3); Environmental Protection Agency v. Mink, 410 U.S. 73, 79 (1972).
 
 
 8
 An affidavit or index setting forth "detailed justifications for withholding documents" satisfies the agency's burden. Ollestad v. Kelley, 573 F.2d 1109, 1110 (9th Cir.1978); see also Mink, 410 U.S. at 84; Vaughn v. Rosen, 484 F.2d 820, 823-27 (D.C.Cir.1973). It need not discuss each document; categorical descriptions may suffice. Gallant v. N.L.R.B., 26 F.3d 168, 172 (D.C.Cir.1994). And, although the affidavit may not be vague or conclusory, it "need not specify its objections in such detail as to compromise the secrecy of the information." Church of Scientology v. U.S. Dept. of Justice, 611 F.2d 738, 742 (9th Cir.1979).
 
 
 9
 We accord "substantial weight" to the agency's conclusions set forth in its affidavits. Hunt v. C.I.A., 981 F.2d 1116, 1119 (9th Cir.1992); Hayden v. Nat'l Security Agency, 608 F.2d 1381, 1387 (D.C.Cir.1979) (citing S.Rep. 1200, 93d Cong., 2d Sess. 12 (1974)). We will disregard them only if presented with either contradictions in the record or evidence of bad faith on the part of the agency. Ibid. Contrary to plaintiff's arguments, the record presents neither. Accordingly, we accept as credible Rear Admiral Saunders's conclusions.
 
 
 10
 The declaration explains that all documents withheld are classified as "secret" under Executive Order 12,356, which provides: " 'Secret' shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause serious damage to the national security." Id. at § 1.1(a)(2), 47 Fed.Reg. at 14,875.[4] Rear Admiral Saunders states in the declaration that he has examined the documents at issue and has determined that the "Secret" classification is justified. Declaration p 12. He further states that all non-secret aspects of all responsive documents were released to the plaintiff. Id. at pp 12, 14.
 
 
 11
 The declaration is not, as plaintiff argues, comparable to the affidavits found insufficient in Weiner v. F.B.I., 943 F.2d 972 (9th Cir.1991). In Weiner, the agency affidavits did not even explain which exemptions were claimed for withheld documents, but presented alternate reasons in boilerplate phrasing. Id. at 978-79.[5] Instead of explaining precisely what harm would result from disclosure, the affidavits listed harms that might, hypothetically, occur. Id. at 980-81.
 
 
 12
 By contrast, the Saunders declaration relates concrete information about specific documents or categories of documents. It describes the Coast Guard Intelligence Program in detail, particularly its reliance on intelligence as a "force multiplier" for maritime law enforcement. Declaration p 7. It explains that the withheld documents contain information about sensitive intelligence sources and methods. Id. Disclosure "would compromise these intelligence sources and methods together with the degree of success of those methods and their vulnerabilities," thus depriving the Coast Guard of their use. Id. at p 16. "Such losses are extremely harmful to the Coast Guard's effectiveness and to the national security interests of the United States." Id. at p 8. Disclosure also would reveal U.S. intelligence capabilities and facilitate the development of countermeasures. Id. at pp 10, 13.
 
 
 13
 Because this declaration meets the Coast Guard's burden to show that the documents withheld "reasonably could be expected" to harm national security, we find an adequate factual foundation to support the court's ruling and no clear error.
 
 B. Segregability
 
 14
 FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). We generally require district courts to make explicit findings as to the segregability of withheld documents. See Church of Scientology, 611 F.2d at 743. Where, however, a court examines a classified declaration rather than the disputed documents themselves, such findings are neither possible nor required. See Becker v. I.R.S., 34 F.3d 398 (7th Cir.1994). Further, the record demonstrates that plaintiff has received segregated portions of classified documents.
 
 C. In Camera Review
 
 15
 It is well settled that a court may examine an agency declaration in camera and ex parte when release of the declaration would disclose the very information that the agency seeks to protect. Pollard v. F.B.I., 705 F.2d 1151, 1153-54 (9th Cir.1983). Plaintiff was not entitled to view the classified Saunders declaration.
 
 
 16
 Next, the court did not err by examining a classified declaration rather then the documents themselves. Church of Scientology, 611 F.2d at 742 ("If the agency supplies a reasonably detailed affidavit ..., then the district court need look no further in determining whether an exemption applies."). Substitution of an affidavit is preferred when the national security exemption applies. Mink, 410 U.S. at 84.
 
 
 17
 II. Department of Justice/Federal Bureau of Investigation
 
 
 18
 The court dismissed the claim against the DOJ/FBI as precluded by a former action. We review de novo summary judgment on the ground of res judicata. Hiser v. Franklin, 82 F.3d 869, 871 (9th Cir.1996).
 
 
 19
 Plaintiff's present claim against the FBI relates to his 1989 FOIA request. The FBI responded to this request in 1990 by releasing 73 of 87 responsive documents. After his administrative appeal to the DOJ was denied, plaintiff sued in the U.S. District Court for the District of Columbia. Greyshock v. FBI, Civ.Action No. 92-0592 NJC (D.D.C.1992). His complaint clearly specified the 1989 FBI request as its basis. The court had subject matter jurisdiction, and it dismissed the case on the merits. That dismissal extinguished plaintiff's claim against the FBI.
 
 
 20
 Plaintiff relies on Fed.R.Civ.P. 41 to argue that we must construe the dismissal as without prejudice. However, the dismissal was not a voluntary dismissal under Rule 41. We also reject plaintiff's argument, raised for the first time on appeal, that this action challenges a separate FOIA request, filed with the Executive Office of the United States Attorneys' Office in 1991. That request was not mentioned in the complaint or any other pleading before the district court, so it is not a subject of this action.
 
 III. Department of State
 
 21
 Since this appeal was filed, the Coast Guard has completed its interagency review of documents located in the State Department's files. Sixty-five pages have been released to the plaintiff, six with redactions. We adopt the government's suggestion to remand so that the district court can consider the claim against the State Department in light of this response.
 
 CONCLUSION
 
 22
 We affirm the court's summary judgment of dismissal on the claims against the Coast Guard and the Department of Justice/FBI. We reverse summary judgment for the State Department and remand for consideration in light of its most recent response.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government now concedes that remand is appropriate as to the State Department request
 
 
 [2]
 Plaintiff pleaded guilty to violations of the Maritime Drug Law Enforcement Act, 46 U.S.C. § 1903, and is currently serving a 144-month sentence. United States v. Greyshock, CR 88-01778 (DAE) (D.Haw.1989), aff'd by unpublished disposition, 909 F.2d 1849 (9th Cir.1990)
 
 
 [3]
 Rear Admiral Saunders is Chief of the Coast Guard's Law Enforcement and Defense Operations. He is a Secret classification authority and is responsible for processing FOIA requests
 
 
 [4]
 Courts apply the Executive Order in effect at the time the information is classified. Lesar v. U.S. Dept. of Justice, 636 F.2d 472, 480 (D.C.Cir.1980)
 
 
 [5]
 For example, one set of documents was withheld because: "Information of this category is either specific in nature or of a unique character, and thereby could lead to the identification of a source. For example, this information may contain details obtained from a one-on-one conversation between a source and another individual...." 943 F.2d at 978 (quoting F.B.I. affidavit) (emphasis added by Weiner court)