**ERNEST K. LEHMANN & ASSOCIATES OF MONTANA, INC. and Mount Royal Joint Venture, Appellants**

v.

**Kenneth Lee SALAZAR, et al., Appellees.**

No. 09–5148.

United States Court of Appeals, District of Columbia Circuit.

May 24, 2010.

Steven J. Lechner, Esquire, Mountain States Legal Foundation, Lakewood, CO, for Appellants.

Robert H. Oakley, Justin Robert Pidot, R. Craig Lawrence, U.S. Department of Justice, Washington, DC, for Appellees.

Before: HENDERSON and GARLAND, Circuit Judges, and EDWARDS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Appellants Ernest K. Lehmann & Associates of Montana, Inc. and Mount Royal Joint Venture challenge the IBLA's determination that appellants did not establish "discovery," *see* 30 U.S.C. § 23, on six mining claims located in the Sweet Grass Hills of Liberty County, Montana, as well as the district court's grant of summary judgment in favor of appellees. We hold that the district court correctly determined that appellants' challenge to the applicable burden of proof fails under *Foster v. Seaton*, 271 F.2d 836, 838 (D.C.Cir.1959). We note, moreover, that the burden of proof that the IBLA applied to these claims, and that appellants challenge on appeal, was the same standard that appellants cited in their briefs before the IBLA. For the reasons stated by the district court, we also conclude that the IBLA's decision—including its application of the prudent-man, *Chrisman v. Miller,* 197 U.S. 313, 322–23, 25 S.Ct. 468, 49 L.Ed. 770 (1905), and marketability tests, *United States v. Coleman,* 390 U.S. 599, 602, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968), to the mining claims at issue—was neither arbitrary nor capricious. We further conclude, again for the reasons stated by the district court, that substantial evidence supports the IBLA's determination that the Bureau of Land Management established a prima facie case contesting the claims' validity, a case that appellants failed to overcome.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41(a)(1).